The opinion of the Court was delivered by
Johnson, J.
The whole of the grounds relied on, in the argument of this cause, are embraced in the question : .Whether the defendant, like a common carrier, is liable for all losses, except those occasioned by the act of God, or the enemies of the country ?
It was with great difficulty,[1] that I could bring my mind to consent to the established doctrine on the subject of the liability of common carriers, when the proof was clear, that every caution which prudence could suggest, was used to prevent a loss; for the reasons upon which that rule was founded, do not, I think, exist with the same force in this country, as they did in England, from whence it is derived. Policy may, however, render it necessary here. Carrying for hire is the usual general description of those who fall within the rule; and there is no class to which it will apply with more force or propriety than to those who navigate our inland waters, through which channel almost all the produce of the country is likely to find its way to a market, and therefore deserves to be well protected. But the question is not now to be adjudged. The doctrine was recognized by this court in the case of Eveleigh v. Sylvester, (2 Brevard’s Reports, 118,) in relation to boat owners navigating our inland water; and in the late cases of Rutherford v. M’Gowen, 1 Nott & M’Cord, 11, and Cook v. Gourdin, ante, 19, it is extended even to ferry owners.
Independent of the doctrine, I think the verdict was right, even on the ground of negligence. It was obvious that the boat was top heavy as soon as she was separated from the other, and the usual cautions which the defendant used'to prevent accident, proved that he was conscious of danger. The loss happened by his ^trusting too much i-*qq to his care and skill; and reloading the boat when the cotton was L dripping with water from the canal, and from which the injury actually arose, was not the exercise of that prudence which ought to excuse the defendant.
The motion is refused.
Colcock, Rott, Gantt and RichaRDson, JJ., concurred.
Ante, 19, and notes ; Harp. 262.

 5 Rich. 25.